UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MCMAHON,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; DOES 1 to 50, inclusive,<br><br>    Defendants. | CASE NO: 06-CV-2260 W (WMc)<br><br>ORDER (1) DEFERRING RULING ON PLAINTIFF'S MOTION TO REMAND AND (2) *SUA SPONTE* STAYING CASE |

      On October 6, 2006, Defendant Merck & Co., Inc., removed this case from the Los Angles Superior Court to this Court.  The Notice of Removal states that Merck intends to seek transfer of this case to the United States District Court for the Eastern District of Louisiana (the "transferee court"), which is handling the Multidistrict Litigation case, <u>In re Vioxx Products Liability Litigation</u>, MDL No. 1657.

      This case is one of 16 Vioxx-related cases assigned to this Court, and is one of approximately 140 filed in this District.  Each of these cases was commenced by the plaintiff filing a Notice of Adoption of Master Complaint in connection with Judicial Counsel Coordination Proceeding No. 4247, *In re Vioxx® Cases* in the state-court action (the "Coordinated State Vioxx Cases").

1  On October 13, 2006, Plaintiff filed a motion to remand this case to state court. On that same date, motions to remand were also filed in the other Vioxx-related cases assigned to this Court.

4  After the motions to remand were filed, this Court received a Conditional Transfer Order ("CTO") from the Judicial Panel on Multidistrict Litigation ("JPMDL") transferring the majority of Vioxx-related cases to the transferee court. On October 26, 2006, however, the JPMDL notified this Court that a notice of opposition to the CTO was filed, thereby staying the transfer. The notice also states that the parties will have the opportunity to fully brief the question of transfer and that the matter will be considered at a bimonthly JPMDL hearing session.

11  Because this case was among the last of the Vioxx-related cases removed to this Court, it is not currently subject to the JPMDL's CTO. However, because Merck intends to seek transfer of this case to the transferee court, and in light of the JPMDL's CTO on the other Coordinated State Vioxx Cases, the Court anticipates that this case will also be subject to a conditional transfer order. For this reason, the Court will defer ruling on Plaintiff's motion to remand. <u>Jackson v. Johnson & Johnson, Inc.</u>, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D.Tenn. April 3, 2001) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel.").

20  In addition to deferring on the ruling, this Court exercises its inherent power to stay this case pending a final determination from the JPMDL on whether this case will be transferred to the transferee court. As discussed in <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358 (C.D. Cal. 1997), a district court has the inherent power to stay proceedings. <u>Id.</u> at 1360. "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" <u>Id.</u> (quoting <u>Landis v. North American Co.</u>, 229 U.S. 248, 254 (1936)); <u>see also</u> <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863–864 (9th Cir. 1979) (trial court may stay matter pending

1  resolution of judicial administrative, or arbitral proceedings) (citations omitted).

2  In deciding whether to stay an action, a district court "must weight competing
3  interests and consider the effects of the stay on the Court's docket, on counsel and on
4  the litigants." <u>Crown Central Petroleum Corp. v. Dep't of Energy</u>, 102 F.R.D. 95, 98–99
5  (D. Md. 1984). Imposing a stay in this case will delay resolution of Plaintiff's motion to
6  remand, and it may delay the ultimate resolution of this case. However, it will also
7  preserve judicial resources, and avoid the possibility of conflicting rulings. This is
8  especially true given the number of Vioxx-related cases recently assigned to this Court
9  (16), and this District (approximately 140). It will also conserve the parties' resources.
10 By imposing a stay in this case, the parties may focus on the issue of transfer, and
11 depending on the outcome of that issue, tailor their motion to remand, either to this
12 Court or the transferee court.

13 For these reasons, the Court *sua sponte* stays this case pending a final
14 determination from the JPMDL on the issue of transfer. Merck shall immediately notify
15 the Court when this issue has been resolved.

17 **IT IS SO ORDERED.**

19 DATED: November 3, 2006

_____
Hon. Thomas J. Whelan
United States District Judge